Acosta v Didonato (2025 NY Slip Op 01310)

Acosta v Didonato

2025 NY Slip Op 01310

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Kennedy, J.P., Gesmer, Mendez, Rodriguez, JJ. 

Index No. 27351/17|Appeal No. 3871|Case No. 2023-04809|

[*1]Mirna Acosta, etc., Plaintiff-Appellant,
v
Donna Didonato, etc., et al., Defendants, New York Presbyterian Hospital, Defendant-Respondent.

The Fitzgerald Law Firm, P.C., Yonkers (Mitchell Gittin of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Jacob L. Bentley of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alicia Gerez, J.), entered August 22, 2023, dismissing the complaint as against defendant New York Presbyterian Hospital (NYPH), and bringing up for review an order, same court and Justice, entered August 16, 2023, which granted NYPH's motion for summary judgment dismissing the medical malpractice cause of action against it, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, and the complaint reinstated as against NYPH.
Plaintiff Mirna Acosta, on behalf of the infant plaintiff, commenced this medical malpractice action against defendant NYPH alleging that it failed to timely perform a caesarean section delivery. Plaintiff alleged that, due to NYPH's medical malpractice, the infant plaintiff suffered injuries, including developmental delays, brain damage, neurological and cognitive delays, and motor delays.
NYPH established, through the medical records and opinion testimony of its experts in maternal-fetal medicine and in neonatal-perinatal medicine, its prima facie case that it did not depart from good and accepted medical practice in its treatment of plaintiff or proximately cause the injuries suffered by the infant plaintiff.
In opposition, plaintiff's experts, a retired physician board certified in obstetrics and gynecology, and a physician board certified in pediatrics and child neurology, created an issue of fact by opining that a caesarean section should have been performed within 30 minutes of plaintiff actively bleeding from the previously identified placenta previa, and that the failure to timely perform a caesarean section contributed to the infant plaintiff's injuries, including by diminishing the infant plaintiff's chance of a better outcome (see J.G. v St. Luke's-Roosevelt Hosp. Ctr., 213 AD3d 412, 413 [1st Dept 2023]). The opinions based on maternal bleeding from placenta previa did not raise a new theory of malpractice because, as NYPH recognizes, it was always plaintiff's contention that she had placenta previa, as diagnosed postpartum.
Nor did the experts' additional discussion of fetal hemorrhage constitute an entirely new theory of malpractice or causation because it was sufficiently pleaded in the bills of particulars to avoid surprise and prejudice to defendant (see DB v Montefiore Med. Ctr., 162 AD3d 478, 478-479 [1st Dept 2018]). Plaintiff's allegation has always been that NYPH failed to timely perform a cesarean section once she started actively bleeding. The expert's opinion — that the delay in doing so caused the infant's injuries because the blood loss, whether from fetal or maternal bleeding from placenta previa, reduced the blood supply to the placenta, which resulted in less oxygen to the infant during that delay — falls within this allegation. Moreover, and as explained by plaintiff's expert in obstetrics and gynecology, there is no way to distinguish between maternal or fetal hemorrhaging — a point that defendant's expert did not [*2]refute in her reply affirmation. Further, NYPH's demand for a bill of particulars sought only a general statement of the act of negligence and did not seek that level of detail (see id. at 479).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025